1  MICHAEL J. IOANNOU (SBN 95208)
   DANIEL P. McKINNON (SBN 234749)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   50 West San Fernando Street, Suite 1400
3  San Jose, CA  95113-2429
   Telephone:  (408) 287-6262
4  Facsimile:  (408) 918-4501
   Email:  michael.ioannou@rmkb.com
5  daniel.mckinnon@rmkb.com

6  BARRY I. FRIEDMAN (PA I.D. No. 50507)
   JESSICA M. HAUTH (GA I.D. No. 425321)
7  METZ LEWIS BRODMAN MUST O'KEEFE LLC
   535 Smithfield Street, Suite 800
8  Pittsburgh, PA  15222
   Telephone:  (412) 918-1100
9  Facsimile:  (412) 918-1199
   Email:  bfriedman@metzlewis.com;
10 jhauth@metzlewis.com
   (*Pro Hac Vice* Applications Pending)

11
   Attorneys for Plaintiff
12 SENTRIC, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 SENTRIC, INC.,                        CASE NO.

17              Plaintiff,               **COMPLAINT FOR**

18 v.                                    **(1) Trademark Infringement (15 U.S.C. §
                                             1114)**
19 CENTRICHR, LLC,
                                         **(2) Unfair Competition (15 U.S.C. §
20              Defendant.                   1125(a))**

21                                       **(3) False Designation of Origin (15 U.S.C.
                                             § 1125(a))**
22
                                         **(4) Unfair Competition (Cal. Bus. & Prof.
23                                           Code, § 17200 *et seq.*)**

24                                       **(5) False Advertising (Cal. Bus. & Prof.
                                             Code, § 17500 *et seq.*)**
25
                                         **DEMAND FOR JURY TRIAL**
26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1   Plaintiff Sentric, Inc., ("Sentric") by its attorneys, Metz Lewis Brodman Must O'Keefe
2   LLC and Ropers, Majeski, Kohn & Bentley, alleges as follows:

3   **INTRODUCTION**

4   1.      This is an action for violations of the federal trademark laws (15 U.S.C. § 1114 *et*
5   *seq.*, and § 1125 *et seq.*), federal unfair competition and false designation of origin (15 U.S.C. §
6   1125(a)), and related California claims.  Plaintiff Sentric seeks injunctive relief as a result of
7   Defendant CentricHR, LLC's ("Centric") willful and unauthorized use of Sentric's marks, which
8   are federally registered trademarks, as more fully set forth below.  Sentric also seeks damages for
9   the direct and proximate result of Centric's infringement.

10   **PARTIES**

11   2.      Plaintiff Sentric  is a Pennsylvania corporation with a principal place of business
12   located at 2400 Ansys Drive, Suite 101, Canonsburg, Pennsylvania  15317.

13   3.      Defendant Centric is a California limited liability company with a principal place
14   of business located at 99 Almaden Blvd., Suite 600, San Jose, California  95113.

15   **JURISDICTION AND VENUE**

16   4.      This Court has subject matter jurisdiction over this action under 15 U.S.C. §
17   1121(a) and 28 U.S.C. §§ 1332 and 1338(a)-(b) as this action is based upon trademark
18   infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of
19   origin and description of goods and services, and unfair competition arising under Section 43(a)
20   of the Lanham Act, 15 U.S.C. § 1125(a); and, therefore, arises under Chapter 22 of Title 15 of the
21   United States Code; as well as related claims of California unfair competition and false
22   advertising laws.  The Court has jurisdiction over the subject matter of the California-based
23   related claims pursuant to U.S.C. § 1338(b) because those claims are joined with substantial and
24   related claims brought under the Trademark Act and this Court's pendent jurisdiction.

25   5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part
26   of the events giving rise to the claims asserted herein occurred in this District, and as Centric is
27   subject to the Court's personal jurisdiction with respect to this action.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**INTRA-DISTRICT ASSIGNMENT**

6.      This action arises in Santa Clara County because a substantial part of the events which give rise to the claims at issue have occurred and continue to occur Santa Clara County. This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

**FACTUAL BACKGROUND**

7.      Sentric develops and provides, for sale to the public, software and/or software as a service for time and labor management for businesses and their employees, including, but not limited to, data tracking and storage for things such as payroll processing, tax filing, human resource management, time and labor management, and workforce management.

8.      Sentric is the owner of United States Trademark Registration No. 4,228,668 for the mark "SENTRIC" which issued on October 23, 2012, for:  (i) computer software for time and labor management for businesses and their employees; and (ii) providing on-line, non-downloadable software for payroll processing and tax filing, human resource management, time and labor management, and workforce management for businesses and their employees (the "Sentric Mark").  A true and correct copy of the registration for the Sentric Mark is attached hereto as Exhibit "A."  Sentric has been using the Sentric Mark since April 1, 2011, and has been using it in commerce since July 20, 2011.

9.      Sentric is also the owner of United States Trademark Registration No. 4,440,688 for the mark "SentricHCM" which issued on September 10, 2013, for providing on-line, non-downloadable software for payroll processing and tax filing, human resource management, and workforce management for businesses and their employees (the "SentricHCM Mark").  A true and correct copy of the registration for the SentricHCM Mark is attached hereto as Exhibit "B." Sentric has been using the SentricHCM Mark since April 1, 2011, and has been using it in commerce since July 20, 2011.  The Sentric Mark and the SentricHCM Mark are collectively referred to as the "Sentric Marks."

10.     In connection with the goods and services it provides, Sentric is the owner of and maintains the domain name www.sentrichr.com (the "Sentric Domain Name"), which was

registered on September 15, 2014.  As a component part of its marketing plan, Sentric offers its goods and services under the Sentric Marks on the website associated with the Sentric Domain Name ("the Sentric Website").  The Sentric Domain Name, the Sentric Website and the Sentric Marks are collectively referred to as the "Sentric IP."

11.     The Sentric IP and the goods and services offered thereunder by Sentric have become uniquely associated with Sentric and identify Sentric as the source of origin of those goods and services.

12.     On or about September 16, 2014, Centric formed an LLC in California.

13.     Unbeknownst to Sentric at the time, on August 17, 2014—approximately one month before Centric was formed—Centric's principal, Chris Campisi, registered the domain name www.centrichr.com (the "Centric Domain Name") on Centric's behalf.

14.     According to the website linked to the Centric Domain Name (the "Centric Website"), Centric provides for sale to the public human resources software for businesses and their employees, including, but not limited to, software for services such as benefits administration, payroll administration, timesheets, paid time off/leave, expenses, job costing, and reviews (the "Centric Services").  A representative illustration of the Centric Website is attached hereto as Exhibit "C."

15.     On July 17, 2015, Sentric sent a cease-and-desist letter to Centric ("Demand Letter"), notifying Centric of the Sentric IP and Centric's infringement thereof, and requesting that Centric take down the Centric Domain Name and Centric Website, and stop using the term "Centric" in interstate commerce.  A true and correct copy of the Demand Letter is attached hereto as Exhibit "D."  Centric received the Demand Letter on July 20, 2015.  A true and correct copy of the confirmation of receipt is attached hereto as Exhibit "E."

16.     As of the filing of this Complaint, Centric has refused to take any action to avoid infringement.

1

2

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

3       17.     The averments of paragraphs 1 through 16 above are incorporated by reference as

4   if fully set forth herein.

5       18.     Sentric owns the Sentric Marks and Sentric IP.  It has used the Sentric Marks

6   continuously since April 2011, and in commerce since July 2011, for its software and services for

7   payroll processing and tax filing, human resource management, time and labor management, and

8   workforce management for businesses and their employees.

9       19.     The Centric Services compete directly with the goods and services offered by

10  Sentric under the Sentric IP.  The term "Centric" is nearly identical in sight, and is identical in

11  sound, to the Sentric Marks.  Neither "Centric" nor "Sentric" has any meaning.

12      20.     Centric's use in interstate commerce, through the use of the Centric Website and

13  under the Centric Domain Name, of the directly competitive Centric Services under the nearly

14  identical mark "Centric" is likely to cause confusion among customers and potential customers.

15      21.     Centric's use of the mark "Centric" interstate commerce has already caused actual

16  confusion among customers.  Sentric has received communications from potential customers

17  mistaking Centric's products or services for those of Sentric.

18      22.     Centric's use of the mark "Centric" in interstate commerce is likely to continue to

19  mislead customers and potential customers of Sentric into believing that there is an association

20  between Centric, Sentric and the Sentric IP.

21      23.     Centric's advertisement of the Centric Services in interstate commerce, such as

22  through the Centric Website and under the Centric Domain Name, uses marks confusingly similar

23  to the Sentric Marks is in violation of the Lanham Act under 15 U.S.C. § 1114.

24      24.     Centric's promotion of the Centric Services and use of the term "Centric" in

25  interstate commerce through the Centric Website and under the Centric Domain Name will

26  continue unless restrained by this Court.

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

25.     Sentric has suffered, and will continue to suffer, losses, including, but not limited to, damage to its business reputation and goodwill.  Sentric is entitled to recover damages, which include its losses and all profits Centric has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(b).

26.     Moreover, Centric has been aware of Sentric's ownership rights to the Sentric IP at least as of the registration of the Sentric Marks via constructive notice, and via actual notice as of July 20, 2015 when the Demand Letter was received.

27.     Centric has continued to operate the Centric Domain Name and Centric Website, using the "Centric" mark in interstate commerce, despite knowledge of Sentric's rights to the Sentric Marks.

28.     Centric has knowingly continued to use the term "Centric" in interstate commerce, and offer goods and/or services in commerce in violation of the Sentric Marks.

29.     Sentric is therefore also entitled to treble damages under 15 U.S.C. § 1117 as a result of Centric's willful violation of the Sentric Marks.

30.     Sentric is further entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it has no adequate remedy at law.  Centric shows no indication of ceasing the use of "Centric" in the Centric Website or Centric Domain Name, which is interstate use in the same channels as those used by Sentric, namely, the Internet, and directed to the same or similar consumers as Sentric. Sentric is also entitled to injunctive relief as its business reputation and goodwill will be irreparably harmed if Centric's wrongful activities continue and consumers and/or potential consumers and the public are likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing materials.

31.     Sentric is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff Sentric, Inc. respectfully requests that the Court enter judgment, damages and injunctive relief against Defendant CentricHR, LLC as set forth below.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1
2

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

3       32.     The averments of paragraphs 1 through 31 above are incorporated by reference as

4    if fully set forth herein.

5       33.     Sentric's Marks have become associated with Sentric and its software and services

6    for payroll processing and tax filing, human resource management, time and labor management,

7    and workforce management for businesses, through its continuous use in interstate commerce

8    since 2011.  Sentric has expended significant efforts in advertising, promotion and other

9    affirmative acts to promote its business and to promote the Sentric Marks in connection with

10   these goods and services.

11      34.     Centric's use of the term "Centric" in interstate commerce, such as on the Internet

12   in the Centric Website and Centric Domain Name, are uses of false designation of origin and/or a

13   false representation, wrongfully and falsely designates Centric's products as originating from or

14   in some way connected, affiliated with, or sponsored by Sentric, and constitutes utilizing false

15   descriptions or representations in interstate commerce, particularly in the payroll, human

16   resources and time and labor management fields as the Centric Website and services offered

17   thereon are geared to the same potential consumers and it is believed that the products are in

18   competition.

19      35.     Centric's use of the term "Centric" in interstate commerce is therefore in violation

20   of 15 U.S.C. § 1125(a).

21      36.     Moreover, Centric has continued to operate the Centric Domain Name and Centric

22   Website, using the "Centric" mark in interstate commerce, despite knowledge of Sentric's rights

23   to the Sentric Marks.

24      37.     Sentric is entitled to recover damages, which include its losses and all profits

25   Centric has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(b).  Sentric is

26   further entitled to treble damages under 15 U.S.C. § 1117 as a result of Centric's willful use of the

27   term "Centric" indicating a false designation of origin.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

38.     Sentric is further entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it has no adequate remedy at law.  Centric shows no indication of ceasing the use of "Centric" in the Centric Website or Centric Domain Name, which is interstate use in the same channels as those used by Sentric, namely, the Internet, and directed to the same or similar consumers as Sentric, and indicating a false designation of origin.

39.     Sentric is further entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff Sentric, Inc. respectfully requests that the Court enter judgment, damages and injunction in its favor and against Defendant CentricHR, LLC as set forth below.

### THIRD CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

40.     The averments of paragraphs 1 through 39 above are incorporated by reference as if fully set forth herein.

41.     Centric's use of names and marks incorporating the term "Centric" in connection with the Centric Services constitutes a false designation of origin that has resulted in and is likely to result in confusion, mistake, or deception as to the affiliation, connection, or association of Centric, the Centric Mark, the Centric Domain Name and the Centric Website with the Sentric IP.

42.     Centric has been aware of Sentric's ownership rights to the Sentric IP at least as of the registration of the Sentric Marks via constructive notice, and as of July 20, 2015 when the Demand Letter was received via actual notice.

43.     Centric has continued to operate the Centric Domain Name and Centric Website, using the "Centric" mark in interstate commerce, despite knowledge of Sentric's rights to the Sentric Marks.  Centric has therefore knowingly continued to use the term "Centric" in interstate commerce, and offer goods and/or services in commerce which indicates a false designation of origin.

44.     Centric's wrongful use of the term "Centric" in interstate commerce constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

45.     Sentric has suffered, and will continue to suffer, losses, including, but not limited to, damage to its business reputation and goodwill as a result of Centric's use of the term "Centric" in interstate commerce.

46.     Sentric is entitled to recover damages, which include its losses and all profits Centric has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(b).  Sentric is further entitled to treble damages under 15 U.S.C. § 1117 as a result of Centric's willful use of the term "Centric" indicating a false designation of origin.

47.     Sentric is further entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it has no adequate remedy at law.  Centric shows no indication of ceasing the use of "Centric" in the Centric Website or Centric Domain Name, which is interstate use in the same channels as those used by Sentric, namely, the Internet, and directed to the same or similar consumers as Sentric, and indicating a false designation of origin.

48.     Sentric is further entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff Sentric, Inc. respectfully requests that the Court enter judgment, damages and injunction in its favor and against Defendant CentricHR, LLC as set forth below.

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITION (California Business and Professions Code §§ 17200 *et seq.* )

49.     The averments of paragraphs 1 through 48 above are incorporated by reference as if fully set forth herein.

50.     Centric's wrongful conduct as outlined above constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code §§ 17200 *et seq*. in that Centric's use of confusingly similar marks to those of Sentric in the exact same or related industries, unfairly affiliates the two companies' products and services, and/or dilutes the Sentric Marks.

51.     Sentric was the first to use the Sentric Marks in conjunction with its products and services in the area of software and services for payroll processing and tax filing, human resource

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
*San Jose*

management, time and labor management, and workforce management for businesses.  Moreover, Sentric has obtained federal trademark registrations for the Sentric Marks, which were issued before competitor Centric was formed as an entity and before Centric began improperly using the term "Centric."  Sentric has continuously used both the Sentric Marks since April 2011, using both marks in commerce since July 2011.

52.     As a direct and proximate result of the unfair conduct and representations to consumers and the public by Centric as herein alleged, Sentric has been damaged in an amount not yet ascertained, and continues to be damaged.  These wrongful acts have proximately caused, and will continue to cause, Sentric substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of the Sentric Marks.  These actions will cause imminent irreparable harm and injury to Sentric.

53.     As a result of Centric's wrongful conduct, Sentric is entitled to recover from Centric the gains, profits, and advantages Centric has obtained as a result of its wrongful acts. Disgorgement of these amounts and restitution should be made to Sentric.

WHEREFORE, Plaintiff Sentric, Inc. respectfully requests that the Court enter judgment and injunctive relief in its favor and against Defendant CentricHR, LLC as set forth below.

## FIFTH CLAIM FOR RELIEF
### FALSE ADVERTISING (California Business and Professions Code §§ 17500 *et seq.*)

54.     The averments of paragraphs 1 through 53 above are incorporated by reference as if fully set forth herein.

55.     On information and belief, Centric was aware of Sentric's use of and rights in the Sentric Marks and that the advertising, promotion, distribution, and sale of Centric's products and services would mislead and create a likelihood of confusion to consumers, potential consumers and the public.  As the parties advertise to the same customers for the same services on the Internet, there is no possibility that Centric was not aware of Sentric.  Moreover, Centric had actual notice of Sentric's rights to the Sentric Marks, as a result of receiving the Demand Letter.

56.     Centric's use of the visually nearly identical, and audibly identical mark "Centric"

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

to advertise and promote its services and use on the Centric Website on the Internet, confuses Sentric's services with Centric's services, and in particular, those in the area of software and services for payroll processing and tax filing, human resource management, time and labor management, and workforce management for businesses.  This falsely, misleadingly and confusingly implies that Centric's services are genuine Sentric services or are sponsored by, affiliated with or approved by Sentric.

57.    On information and belief, Centric's actions are willful and constitute false advertising, as it is likely to deceive, confuse, and mislead consumers, potential consumers, and members of the public in violation of California Business and Professions Code section 17500 *et seq.*  Sentric has been, and continues to be, damaged by these acts.

58.    Pursuant to California Business and Professions Code section 17535, Sentric is entitled to injunctive relief, and to an order requiring Centric to make restitution of all profits that it realized as a result of its false and misleading advertising.

WHEREFORE, Plaintiff Sentric, Inc. respectfully requests that the Court enter judgment, restitution and an injunction in its favor and against Defendant CentricHR, LLC as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Sentric, Inc. respectfully requests that the Court enter judgment in its favor and against CentricHR, LLC, as follows:

1.    That the Court enter a judgment against Centric, finding that:

    a.  Centric has infringed, and continues to infringe, the Sentric Marks by the use of the term "Centric" and of the Centric Domain Name, Centric Website and of other formatives thereof;

    b.  Centric willfully infringed the Sentric Marks;

    c.  Centric committed, and continues to commit, acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Sentric;

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Complaint

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

d.   Centric committed, and continues to commit, unfair business competition by and through deceptive advertising and false designations of origin;

e.   Centric has injured the business reputation, goodwill and business of Sentric by the acts and conduct set forth in this Complaint.

2.   That the Court issue preliminary and permanent injunctive relief enjoining Centric and its agents, servants, employees, attorneys, and those persons in active concert therewith from:

a.   using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the Centric Services are sponsored by, authorized by, or in any way associated with Sentric;

b.   infringing Sentric's rights in the Sentric Marks and their formatives;

c.   falsely representing themselves as being connected with Sentric or sponsored by or associated with Sentric or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Centric is associated with Sentric;

d.   using any reproduction, counterfeit, copy, or colorable imitation of the names and marks "Sentric" and "SentricHCM" in connection with the publicity, promotion, sale, or advertising for sale of goods or services offered or sold by Centric;

e.   fixing, applying, annexing, or using in connection with the sale of any goods or services a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or service as being those of Sentric and from offering such goods or services in commerce;

f.   Engaging in any other activity constituting an infringement of any of Sentric's trademarks or right to use to exploit, these trademarks, including the registration of any "Sentric" mark anywhere in the world.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.      That the Court enter an order requiring Centric to provide Sentric with a full and complete accounting of all profits and damages resulting from Centric's unlawful activities.

4.      That the Court order Centric to pay Sentric's general, special and actual damages, including Centric's profits, for Centric's willful infringement of the Sentric Marks.

5.      That the Court order that damages in this case should be tripled in view of Centric's willful infringement of the Sentric Marks.

6.      That the Court order Centric to pay Sentric the costs of this action and the reasonable attorneys' fees incurred by Sentric in prosecuting this action.

7.      That the Court provide to Sentric such other relief as it deems just and proper.

Dated: October 15, 2015                              ROPERS, MAJESKI, KOHN & BENTLEY


                                                     By: /s/ Daniel P. McKinnon
                                                          MICHAEL J. IOANNOU
                                                          DANIEL P. McKINNON
                                                          Attorneys for Plaintiff
                                                          SENTRIC, INC.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Sentric, Inc. demands a trial by jury in this action of all issues triable by jury in this matter.

Dated: October 15, 2015                              ROPERS, MAJESKI, KOHN & BENTLEY


                                                     By: /s/ Daniel P. McKinnon
                                                          MICHAEL J. IOANNOU
                                                          DANIEL P. McKINNON
                                                          Attorneys for Plaintiff
                                                          SENTRIC, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose